IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CRIMINAL NO. 08-204 (DRD) |
| [106] OMAR SANTIAGO-OCASIO, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Pending before the court is co-defendant [106] Omar Santiago-Ocasio's ("Santiago-Ocasio" or "defendant") motion to dismiss counts one through five and seven of the indictment or in the alternative to obtain a bill of particulars. (Docket 1640). The reasoning given for both requests, namely the dismissal of certain counts and the bill of particulars is essentially the same, that is, that the indictment lacks specificity in its allegations and that it merely consists of boilerplate allegations of the elements of the offenses charged.

The indictment, however, states allegations with a reasonable degree of detail. Regarding the charged conspiracy and possession of controlled substances with the intent to distribute the same, the indictment specifies the time span and locations (Docket 3 at 8, 12, 22, 25, 29, 32), and the manner and means in which these alleged offenses were carried out. (Docket 3 at 12-13). In particular as to Santiago-Ocasio, the indictment alleges that he participated as a drug processor and/or facilitator in the drug-trafficking organization. (Docket 3 at 21). The role of drug processors/facilitators is specifically described in the indictment as follows:

> The drug processors/facilitators would cut, mix and weigh amounts of controlled substances for street distribution and/or allowed the use of their residence for processing

> or storage of the controlled substances. They would also package the heroin, cocaine, cocaine base (commonly known as "crack"), and marihuana in single dosage amounts and in distinctive "baggies" and "decks". They would package the "baggies" and "decks" in bundles of approximately twenty-five (25) bags each.

(Docket 3 at 21). We thus conclude that the indictment provides sufficient specificity to put Santiago-Ocasio on notice of what he has been accused.

As to the alternative request for a bill of particulars, we note that similar motions have been filed by other defendants (Docket 1174, 1258, and 1397), and all of them have been denied (Docket 1381, 1411, 1414). We see no reason to rule differently upon Santiago-Ocasio's request for a bill of particulars, and hence, the same is denied as well since the indictment contains sufficient details of the offenses charged.

Having denied the request for a bill of particulars, due to the fact that the request for the dismissal of counts one through five and seven of the indictment is a dispositive matter, it is recommended that such request for dismissal be DENIED.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file the same within the specified time waives the right to appeal this report. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 9th day of July, 2009.

                s/Marcos E. López
                U.S. MAGISTRATE JUDGE